IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2018 MAR 12 PM 2:30

| ANTHONY WAYNE BURNS | § | |
| --- | --- | --- |
| V. | § | A-17-CV-1076-SS |
| LORIE DAVIS | § | |

## ORDER

Before the Court are Petitioner Anthony Wayne Burns's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 2) and response to the Court's order to show cause (Document 7). Petitioner, proceeding pro se, paid the full filing fee for this case. For the reasons set forth below, Petitioner's application is dismissed as time-barred.

### I. STATEMENT OF THE CASE

**A.    Petitioner's Criminal History**

Petitioner pleaded guilty to and was convicted of capital murder in Washington County, Texas. He was sentenced to life without parole on September 23, 2014. Petitioner did not file a direct appeal. He did, however, file four state applications for habeas corpus relief. The first and third were dismissed as non-compliant, the second was denied without written order, and the fourth was dismissed as successive.

**B.    Petitioner's Grounds for Relief**

Petitioner asserts:

1. Counsel did not conduct a meaningful pretrial investigation;

2. Petitioner's guilty plea was the product of ineffective assistance of counsel;

3. Petitioner's right to counsel and due process was violated when police elicited incriminating statements from Petitioner after he had been charged; and



    4.     The prosecutors were guilty of misconduct.

## II. DISCUSSION AND ANALYSIS

### A. Statute of Limitations

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### B. Application

Petitioner's conviction became final on October 23, 2014, at the conclusion of time during which he could have appealed his conviction. *See* TEX. R. APP. P. 26.2(a). Petitioner's first and third state applications for habeas corpus relief, WR-83,435-01 and -03, did not toll the limitations period, because they were dismissed as non-compliant. An improperly filed state habeas petition has no effect on the one-year time-bar. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ( "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.") However, Petitioner's second state application, WR-83,435-02, did toll

2

the limitations period during its pendency. The second state application was signed by Petitioner on September 15, 2015. At that time, only 38 days remained on the one-year limitations period. The Court of Criminal Appeals denied the application without written order on November 11, 2015. Without further tolling Petitioner's federal application would have been due on or before December 19, 2015. However, Petitioner asserts he was not notified of the denial until he wrote to the Court of Criminal Appeals to check on the application's status. The Court of Criminal Appeals sent a status notice to Petitioner on December 5, 2016. Even if this Court were to toll the limitations period until the Court of Criminal Appeals issued its notice on December 5, 2016, Petitioner's federal application is still time-barred. Petitioner's federal application would have been due on or before January 12, 2017. Petitioner did not execute his federal application until November 9, 2017, nearly ten months after the limitations period expired. Petitioner executed his fourth state application, WR-83,435-04, on August 11, 2017. That application did not operate to toll the limitations period, because it was filed after the limitations period expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period).

Petitioner has alleged no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). In addition, the record does not reflect any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown he did not know the factual predicate of his claims earlier. Finally, the

3

claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

Petitioner also has not shown he was actually innocent under the standard in *Schlup v. Delo*, 513 U.S. 298, 329 (1995). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *See Schlup*, 513 U.S. at 326–27 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup*). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998).

### III. CONCLUSION

Petitioner's application for writ of habeas corpus is dismissed as time-barred.

### IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. *Id.* § 2253(c)(2). The Supreme Court fully explained the

4

requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, the Court shall not issue a certificate of appealability.

It is therefore **ORDERED** that the Application for Writ of Habeas Corpus (DE 2) is **DISMISSED WITH PREJUDICE** as time-barred.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

SIGNED this ___11th___ day of March 2018.

                                                            */s/ Sam Sparks*
                                                         SAM SPARKS
                                                         UNITED STATES DISTRICT JUDGE